**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

COMMODORE LODGE NO. 3,
FRATERNAL ORDER OF POLICE OF
NORFOLK, VIRGINIA, INCORPORATED;
ROBERT E. WASH; JEFFREY S.
MAHAN,
Plaintiffs-Appellants,

v.

CITY OF NORFOLK, VIRGINIA;
MELVIN C. HIGH, in his official
capacity as Chief of Police, City of

Norfolk; JAMES B. OLIVER, JR., in
his official capacity as City
Manager, City of Norfolk, and in
his official capacity as Director of
Public Safety, City of Norfolk,
Defendants-Appellees,

and

CITY OF NORFOLK POLICE
DEPARTMENT,
Defendant.

No. 95-2675

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Richard B. Kellam, Senior District Judge.
(CA-94-972-2)

Argued: June 6, 1996

Decided: July 22, 1996

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Fred R. Kozak, MALONEY, BARR & HUENNEKENS, P.C., Richmond, Virginia, for Appellants. Harold Phillip Juren, Deputy City Attorney, Norfolk, Virginia, for Appellees. **ON BRIEF:** J. Steven Erie, MALONEY, BARR & HUENNEKENS, P.C., Richmond, Virginia, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants are Commodore Lodge No. 3, of the Fraternal Order of Police in Norfolk, Virginia, and two members of the Norfolk Police Department who held high-ranking positions in the Lodge. In September 1993, the two officers sent a letter to the editor of their local newspaper, explaining why Lodge No. 3 had decided to endorse the candidacy of the Republican nominee for the position of Commonwealth Attorney, criticizing the manner in which two other police organizations had decided whom to endorse, and encouraging the letter's readers to vote for the Republican nominee. The letter's authors identified themselves by providing both their names and their titles within the Lodge. The letter was published on October 10, 1993.

Soon after the letter was published, the Chief of Police instructed the officers' commanding officers to tell the two men that, by writing and delivering the letter for publication, they had violated the City Charter and the Police Officer's Manual, and that such conduct in the future would receive a "more severe" response. Both the City Charter and the Police Officer's Manual forbid police officers to take part in

2

political campaigns, other than to cast their votes and privately to express their opinions. A directive placed in the two officers' personnel files regarding the violation was the only disciplinary action taken.

Pursuant to 42 U.S.C. § 1983, Appellants filed suit in the United States District Court for the Eastern District of Virginia against the City of Norfolk, Norfolk's Chief of Police, and Norfolk's City Manager and Director of Public Safety.* Appellants claimed that the given provisions of the City Charter and Police Officer's Manual were unconstitutional both on their faces and as applied to Appellants because those provisions violated Appellants' rights of free speech and association.

Appellants and Appellees filed motions for summary judgment. The district court entered summary judgment in favor of Appellees. See Commodore Lodge No. 3 v. City of Norfolk, No. 2:94cv972 (E.D. Va. Aug. 7, 1995). Finding no error in the district court's reasoning, we affirm.

AFFIRMED

_____

*The Norfolk Police Department, which was initially among the named defendants, was later dismissed from the case.

3